# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>JOHN F. THOMAS [aka JOHN RODGERS, JONATHAN WEST, JOHN FRANK, and JOHN MARSHALL], THOMAS BECKER, DOUGLAS MARTIN, PAUL HANSON, DAMIAN OSTERTAG, EINSTEIN SPORTS ADVISORY, LLC, QSA, LLC, VEGAS BASKETBALL CLUB, LLC, VEGAS FOOTBALL CLUB, LLC, WELLINGTON SPORTS CLUB, LLC, WELSCORP, INC., and EXECUTIVE FINANCIAL SERVICES, INC.,<br><br>Defendants | Case No.: 2:19-cv-01515-APG-VCF<br><br>**AMENDED[1] PRELIMINARY INJUNCTION AND ORDER (1) FREEZING ASSETS, (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS, AND (3) REQUIRING ACCOUNTINGS**<br><br>[ECF No. 6] |

Plaintiff Securities and Exchange Commission (SEC) filed a motion for preliminary injunction. ECF No. 6. After briefing by the parties and a hearing on December 4, 2019, I find as follows:

    A.    This court has jurisdiction over the parties to, and the subject matter of, this action.

    B.    Good cause exists to believe that:

        (1)    Defendants Douglas Martin, Executive Financial Services, Inc. (EFS), and Paul Hanson, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute

---

[1] This amended injunction and order deletes references to defendants Thomas and Becker from section X. They were included in the original injunction due to my clerical error.

violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. §§ 77e(a), 77e(c));

(2) Defendants John F. Thomas, Thomas Becker, Wellington Sports Club, LLC (Wellington), Welscorp, Inc. (Welscorp), Einstein Sports Advisory, Ltd. (ESA), Quantum Sports Advisory, LLC (QSA), Vegas Basketball Club, LLC (VBC) and Vegas Football Club, LLC (VFC) (collectively, the Six Entities) have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act (15 U.S.C. § 77q(a)) and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78j(b)) and Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5); and

(3) Defendants Martin, Hanson, and EFS have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 15(a) of the Exchange Act (15 U.S.C. §§ 78o(a)).

C. The SEC has demonstrated (1) a prima facie case that one or more violations of the securities laws have occurred and (2) a reasonable likelihood that the violations will be repeated.

**I.**

I HEREBY GRANT that the SEC's Motion (ECF No. 6) in part.

**II.**

I FURTHER ORDER that defendants Martin, Hanson, and EFS, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, are preliminarily enjoined from, directly or indirectly, in the absence of any applicable exemption:

2

A.  unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

B.  unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

C.  making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e.

### III.

IT IS FURTHER ORDERED that defendants Thomas, Becker, Wellington, Welscorp, ESA, QSA, VBC, VFC, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are preliminarily enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A.  employing any device, scheme or artifice to defraud;

B.  obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

C.     engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a)

**IV.**

IT IS FURTHER ORDERED that defendants Thomas, Becker, Wellington, Welscorp, ESA, QSA, VBC, VFC, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are preliminarily enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A.     employing any device, scheme or artifice to defraud;

B.     making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C.     engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

**V.**

IT IS FURTHER ORDERED that defendants Martin, Hanson, and EFS and their agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are preliminarily enjoined from, directly or indirectly, effecting transactions in, or inducing or attempting to induce the purchase or sale of, securities without being registered with the SEC, or

affiliated with a broker-dealer registered with the SEC in violation of Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

**VI.**

IT IS FURTHER ORDERED that defendants Thomas and Becker, and their agents, servants, employees, attorneys, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, are preliminarily enjoined from, directly or indirectly, including through any entity owned or controlled by them, participating in the issuance, purchase, offer, or sale of any security in an unregistered offering provided, however, that such injunction shall not prevent them from purchasing or selling securities for their own personal accounts.

**VII.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this court, defendants Thomas, Becker, Wellington, Welscorp, ESA, QSA, VBC, and VFC, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliate, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, are preliminarily enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of defendants Thomas, Becker, Wellington, Welscorp, ESA, QSA, VBC, and VFC, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card of defendants Thomas, Becker, Wellington, Welscorp, ESA, QSA, VBC, and VFC, or their subsidiaries and affiliates.

**VIII.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and

reasonable living expenses, which might include legal fees, to be granted only upon good cause shown by application to the court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm or Internet or "e-commerce" payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Thomas, Becker, Wellington, Welscorp, ESA, QSA, VBC, and VFC, including but not limited to, the accounts listed below:

| **Account Holder** | **Bank** | **Account** |
| --- | --- | --- |
| **John F. Thomas III** | Aloha Pacific Federal Credit Union | xxxx0030 |
| **Vegas Basketball Club LLC** | American First National Bank | xxxx1504 |
| **No-More-Bad-Hires Inc** | Bank of America | xxxx9049 |
| **Vegas Football Club LLC** | Bank of America | xxxx3801 |
| **Vegas Football Club LLC** | Bank of America | xxxx7210 |
| **Vegas Basketball Club LLC** | Bank of America | xxxx8189 |
| **Vegas Basketball Club LLC** | Bank of America | xxxx8192 |
| **Welscorp Inc** | Bank of America | xxxx6257 |
| **Sports Biometrics LLC** | Bank of America | xxxx0188 |
| **ESAP LTD** | Bank of George | xxxx2366 |

| **Account Holder** | **Bank** | **Account** |
|---|---|---|
| **ESA LTD** | Bank of Nevada | xxxx3753 |
| **Wellington Sports Club LLC** | Bank of the West | xxxx9228 |
| **QSA LLC** | Bank of the West | xxxx4937 |
| **Thomas Joseph Becker** | Bank of the West | xxxx5082 |
| **Thomas J Becker** | Citibank | xxxx7862 |
| **Boston Biometrics LLC** | Citibank | xxxx0183 |
| **No-More-Bad-Hires Inc** | Citibank | xxxx6907 |
| **QSA LLC** | Citibank | xxxx3671 |
| **Sports Psychometrics LLC** | Citibank | xxxx0894 |
| **Thomas J Becker** | Citizens Bank | xxxx8294 |
| **ESA LTD** | JPMorgan Chase Bank | xxxx9386 |
| **ESA LTD** | Meadows Bank | xxxx4424 |
| **John Thomas** | Midcountry Bank | |
| **John F Thomas/Einstein Sports Advisory LTD** | Nevada State Bank | xxxx7518 |

| **Account Holder** | **Bank** | **Account** |
|---|---|---|
| **ESA LTD** | Nevada State Bank | xxxx4947 |
| **Thomas J Becker dba ESA LTD** | US Bank | xxxx0008 |
| **Thomas J Becker** | US Bank | xxxx0504 |
| **Thomas J Becker dba QSA LLC** | US Bank | xxxx8128 |
| **Thomas Becker** | USAA | xxxx6969 |
| **Welscorp Inc** | Wells Fargo | xxxx6502 |
| **Thomas J Becker** | Wells Fargo | xxxx2620 |
| **Welscorp Inc** | Wells Fargo | xxxx6666 |
| **Vegas Football Club LLC** | Wells Fargo | xxxx2628 |
| **John F Thomas** | Wells Fargo | xxxx7399 |
| **QSA LLC** | Wells Fargo | xxxx6482 |

**IX.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this court, defendants Thomas, Becker, Wellington, Welscorp, ESA, QSA, VBC, and VFC, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or

8

otherwise, are preliminarily enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Thomas, Becker, Wellington, Welscorp, ESA, QSA, VBC, VFC, Martin, Hanson, and EFS.

**X.**

IT IS FURTHER ORDERED that defendants Wellington, Welscorp, ESA, QSA, VBC, and VFC, within 30 days of the issuance of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all such assets. Such accounting shall be filed with the court under seal and a copy shall be delivered to the SEC's Los Angeles Regional Office to the attention of Lynn M. Dean, Senior Trial Counsel. The SEC and counsel shall maintain the information and documents as confidential, as befitting a document filed under seal. After completion of the accounting, each of these defendants shall produce to the SEC's Los Angeles Regional Office, at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting as approved by the Magistrate Judge.

**XI.**

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any of defendants Thomas, Becker, Wellington, Welscorp, ESA, QSA, VBC, and VFC, shall within 14 days of receiving actual notice of this Order provide counsel for

the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

DATED this 6th day of December, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE