**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>JOHN F. THOMAS [aka JOHN RODGERS, JONATHAN WEST, JOHN FRANK, and JOHN MARSHALL], THOMAS BECKER, DOUGLAS MARTIN, PAUL HANSON, DAMIAN OSTERTAG, EINSTEIN SPORTS ADVISORY, LLC, QSA, LLC, VEGAS BASKETBALL CLUB, LLC, VEGAS FOOTBALL CLUB, LLC, WELLINGTON SPORTS CLUB, LLC, WELSCORP, INC., and EXECUTIVE FINANCIAL SERVICES, INC.,<br><br>Defendants | Case No.: 2:19-cv-01515-APG-VCF<br><br>**ORDER GRANTING FINAL JUDGMENT AS TO PAUL HANSON**<br><br>[ECF No. 94] |

This matter came before the Court upon Plaintiff Securities and Exchange Commission's ("SEC") Motion for Default Judgments against Defendants: (1) John F. Thomas, aka John Rodgers, Jonathan West, John Frank, and John Marshall; (2) Thomas Becker; (3) Einstein Sports Advisory, LLC; (4) QSA, LLC; (5) Vegas Basketball Club, LLC; (6) Vegas Football Club, LLC; (7) Wellington Sports Club, LLC; (8) Welscorp, Inc.; (9) Paul Hanson; and (10) Executive Financial Services, Inc., made under Federal Rule of Civil Procedure 55(b).  The Court having considered the memoranda and evidence filed by the parties, and all other argument and evidence presented to it, and good cause appearing therefor, GRANTS the SEC's Motion and enters this Final Judgment against Paul Hanson ("Defendant").

/ / / /

I.

I HEREBY ORDER that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)   Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)   Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

I FURTHER ORDER that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and

1  attorneys; and (b) other persons in active concert or participation with Defendant or with anyone

2  described in (a).

3                                                    II.

4          I FURTHER ORDER that Defendant is permanently restrained and enjoined from

5  violating Section 15(a) of the Securities Exchange Act of 1934 [15 U.S.C. § 78o(a)] ("Exchange

6  Act"), in connection with the purchase or sale of a security, by the use of means or

7  instrumentalities or interstate commerce, of the mails, or of the facilities of a national securities

8  exchange, directly or indirectly effecting transactions in, or inducing or attempting to induce the

9  purchase or sale of, securities without being registered with the SEC, or affiliated with a broker-

10  dealer registered with the SEC.

11          I FURTHER ORDER that, as provided in Federal Rule of Civil Procedure 65(d)(2), the

12  foregoing paragraph also binds the following who receive actual notice of this Judgment by

13  personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and

14  attorneys; and (b) other persons in active concert or participation with Defendant or with anyone

15  described in (a).

16                                                   III.

17          I FURTHER ORDER that Defendant is liable for disgorgement of $281,000, representing

18  net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment

19  interest thereon in the amount of $14,067.04, and separately liable for a civil penalty in the

20  amount of $60,000, under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section

21  21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Defendant shall satisfy this obligation by

22  paying 355,067.04 to the Securities and Exchange Commission within 30 days after entry of this

23  Final Judgment.

1    Defendant may transmit payment electronically to the Commission, which will provide

2  detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

3  from a bank account via Pay.gov through the SEC website at

4  http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

5  cashier's check, or United States postal money order payable to the Securities and Exchange

6  Commission, which shall be delivered or mailed to

7    Enterprise Services Center

8    Accounts Receivable Branch

9    6500 South MacArthur Boulevard

10    Oklahoma City, OK 73169

11  and shall be accompanied by a letter identifying the case title, civil action number, and name of

12  this Court; Paul Hanson as a defendant in this action; and specifying that payment is made

13  pursuant to this Final Judgment.

14    Defendant shall simultaneously transmit photocopies of evidence of payment and case

15  identifying information to the Commission's counsel in this action.  By making this payment,

16  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

17  of the funds shall be returned to Defendant.

18    The Commission may enforce the Court's judgment for disgorgement and prejudgment

19  interest by using all collection procedures authorized by law, including, but not limited to,

20  moving for civil contempt at any time after 30 days following entry of this Final Judgment.

21    The Commission may enforce the Court's judgment for penalties by the use of all

22  collection procedures authorized by law, including the Federal Debt Collection Procedures Act,

23  28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders

1  issued in this action.   Defendant shall pay post judgment interest on any amounts due after 30

2  days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall

3  hold the funds, together with any interest and income earned thereon (collectively, the "Fund"),

4  pending further order of the Court.

5        The Commission may propose a plan to distribute the Fund subject to the Court's

6  approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

7  provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain

8  jurisdiction over the administration of any distribution of the Fund and the Fund may only be

9  disbursed pursuant to an Order of the Court.

10        Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

11  paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

12  government for all purposes, including all tax purposes.  To preserve the deterrent effect of the

13  civil penalty, Defendant shall not, after offset or reduction of any award of compensatory

14  damages in any Related Investor Action based on Defendant's payment of disgorgement in this

15  action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such

16  compensatory damages award by the amount of any part of Defendant's payment of a civil

17  penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such

18  a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty

19  Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

20  to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall

21  not be deemed an additional civil penalty and shall not be deemed to change the amount of the

22  civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor

23

1   Action" means a private damages action brought against Defendant by or on behalf of one or

2   more investors based on substantially the same facts as alleged in the Complaint in this action.

3                                                IV.

4         I FURTHER ORDER that this Court shall retain jurisdiction of this matter for the

5   purposes of enforcing the terms of this Final Judgment.

6                                                V.

7         There being no just reason for delay, under Rule 54(b) of the Federal Rules of Civil

8   Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

9         DATED: November 20, 2020.

10

11                                          _____
                                            ANDREW P. GORDON
12                                          UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

6