UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff<br><br>v.<br><br>JOHN F. THOMAS [aka JOHN RODGERS, JONATHAN WEST, JOHN FRANK, and JOHN MARSHALL], THOMAS BECKER, DOUGLAS MARTIN, PAUL HANSON, DAMIAN OSTERTAG, EINSTEIN SPORTS ADVISORY, LLC, QSA, LLC, VEGAS BASKETBALL CLUB, LLC, VEGAS FOOTBALL CLUB, LLC, WELLINGTON SPORTS CLUB, LLC, WELSCORP, INC., and EXECUTIVE FINANCIAL SERVICES, INC.,<br><br>Defendants | Case No.: 2:19-cv-01515-APG-VCF<br><br>**ORDER GRANTING FINAL JUDGMENT AS TO VEGAS FOOTBALL CLUB, LLC**<br><br>[ECF No. 94] |

This matter came before the Court upon Plaintiff Securities and Exchange Commission's ("SEC") Motion for Default Judgments against Defendants: (1) John F. Thomas, aka John Rodgers, Jonathan West, John Frank, and John Marshall; (2) Thomas Becker; (3) Einstein Sports Advisory, LLC; (4) QSA, LLC; (5) Vegas Basketball Club, LLC; (6) Vegas Football Club, LLC; (7) Wellington Sports Club, LLC; (8) Welscorp, Inc.; (9) Paul Hanson; and (10) Executive Financial Services, Inc., made pursuant to Federal Rule of Civil Procedure 55(b).  The Court having considered the memoranda and evidence filed by the parties, and all other argument and evidence presented to it, and good cause appearing therefor, GRANTS the SEC's Motion and enters this Final Judgment against Vegas Football Club, LLC ("Defendant").

/ / / /

I.

I HEREBY ORDER that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

I FURTHER ORDER that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

I FURTHER ORDER that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

I FURTHER ORDER that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

I FURTHER ORDER that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

I FURTHER ORDER that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

I FURTHER ORDER that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## V.

There being no just reason for delay, under Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: November 20, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE