UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff<br><br>v.<br><br>JOHN F. THOMAS [aka JOHN RODGERS, JONATHAN WEST, JOHN FRANK, and JOHN MARSHALL], THOMAS BECKER, DOUGLAS MARTIN, PAUL HANSON, DAMIAN OSTERTAG, EINSTEIN SPORTS ADVISORY, LLC, QSA, LLC, VEGAS BASKETBALL CLUB, LLC, VEGAS FOOTBALL CLUB, LLC, WELLINGTON SPORTS CLUB, LLC, WELSCORP, INC., and EXECUTIVE FINANCIAL SERVICES, INC.,<br><br>　　　　Defendants | Case No.: 2:19-cv-01515-APG-VCF<br><br>**ORDER DENYING MOTION TO SET ASIDE DEFAULT JUDGMENT**<br><br>[ECF Nos. 119, 121, 122, 123] |

I previously entered default judgment against defendant Executive Financial Services, Inc. (EFS) and others. ECF No. 108. Defendant Douglas Martin now moves to set aside the judgment against EFS. ECF No. 121. He requests an evidentiary hearing on his motion and that I stay execution of the judgment. ECF Nos. 122, 123.

Martin's motion and reply repeatedly refer to Martin in his individual capacity. *See* ECF No. 121 at 7 (requesting stay of "joint and several disgorgement by EFS and Martin"); ECF No. 126 (replete with references to Martin's actions). But the default judgment was not entered against Martin, it was entered against EFS. Martin does not have standing to move to set aside the judgment against EFS.

And even though Martin may be an officer or owner of EFS, the company must be represented in this case by a lawyer. *Reading Int'l, Inc. v. Malulani Grp., Ltd*., 814 F.3d 1046,

1053 (9th Cir. 2016) ("A corporation must be represented by counsel."). *See also In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney."). Thus, Martin's motion on behalf of EFS is improper.[1]

In addition, contrary to Martin's allegation, both Martin and EFS were properly served with the complaint and the motion for default judgment. ECF Nos. 23, 17, 18, 118-1. EFS did not respond to either of those documents, so entry of default and default judgment was procedurally proper.

Finally, even if I address the merits of the motion, I would deny it. A motion to set aside a default judgment must demonstrate good cause. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (same standard for default judgment). To determine good cause, I "must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Id*. (quotations and citation omitted). This standard is disjunctive: a finding that any these factors is true is sufficient to refuse to set aside the judgment. *Id*. EFS has not offered a meritorious defense to the plaintiff's claims. Thus, there is no reason to set aside the default judgment.

I THEREFORE ORDER that the motion to set aside the default judgment **(ECF No. 121)**, the motion for evidentiary hearing **(ECF No. 122)** and the motion to stay **(ECF No. 123) are denied.**

---

[1] Martin also filed on behalf of EFS a request for an extension of time to respond to the motion for default judgment. ECF No. 119. Not only was that request improper (because it was submitted by Martin), it was filed three days after the default judgment had been entered. Thus, I will deny that motion as moot.

I FURTHER ORDER that the motion to extend time **(ECF No. 119) is denied as moot**.

DATED: April 7, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3